RECEIPT #_____
AMOUNT $ 150 —
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE 4-1-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SIEURIN, )
  Plaintiff, )
 ) CIVIL ACTION
v. ) NO. _____
 )
GLOBALWARE SOLUTIONS, INC., ) 04-10637MLW
  Defendant. )

**COMPLAINT**   MAGISTRATE JUDGE Collings

Plaintiff Robert Sieurin ("Sieurin") brings this action against his former employer, defendant Globalware Solutions, Incorporated ("Globalware"), for violations of his rights under the Employee Retirement Income Security Act of 1974, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. §1161 *et seq.*

### PARTIES

1. Plaintiff Robert Sieurin is an individual residing at 4 Marc Drive, Building C, Unit 1, Plymouth, Plymouth County, Massachusetts.

2. Defendant Globalware Solutions, Incorporated is a corporation organized under the laws of the State of Delaware with a usual place of business at 200 Ward Hill Avenue, Haverhill, Essex County, Massachusetts.

### JURISDICTION

3. This is an action in which the District Courts of the United States have original jurisdiction under the provisions of 28 U.S.C. §1331 in that it is a civil action arising under the laws of the United States, specifically, the Employee Retirement

Income Security Act of 1974, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. §1161 *et seq.*

## FACTS

4. Mr. Sieurin is the former Director of Supply Chain Development and Business Assessment and for Globalware. As such, he participated in the group health insurance benefit plan maintained by Globalware for its employees known as the Tufts Health Plan. Globalware paid 100% of the premiums to maintain his coverage under this plan.

5. Mr. Sieurin began his employment with Globalware on July 3, 2000. At that time he had recently completed radiation treatments for Hodgkin's Lymphoma, and was thankfully enjoying a brief period of remission.

6. Unfortunately, in December 2000, Mr. Sieurin suffered a relapse in his condition that required treatment by chemotherapy, which began in January 2001. Globalware strongly encouraged Mr. Sieurin to apply for Short Term Disability benefits at that time.

7. As directed by Globalware, Mr. Sieurin applied for benefits in February 2001. Although technically on a leave of absence due to his disability, with GlobeWare's knowledge and encouragement, and despite a grueling course of chemotherapy treatments, Globalware required Mr. Sieurin to continue to perform valuable services for the company, including working approximately 40 hours per week towards establishing operations in Guadalajara, Mexico.

8. In July 2001, Liz Lindhal, Benefits Administrator, and Ruth LaFramboise, Human Resources Manager, encouraged Mr. Sieurin to apply for Long Term Disability benefits, which he did.

9. In December 2001 Mr. Sieurin was informed verbally that he was being placed on "inactive" status at Globalware.

10. In April 2002, Mr. Sieurin received a telephone call from Ms. LaFramboise, informing him that he must begin to make contributions towards the cost of his health care coverage. Mr. Sieurin was not informed at that time of his rights under COBRA, nor has he ever received at any time any notice regarding his COBRA rights from Ms. LaFramboise or from anyone else at Globalware.

11. Per Ms. LaFramboise's direction, Mr. Sieurin began to issue a monthly check to Globalware in the amount of $275.81 as a contribution towards the $344.76 per month that Tufts Health Plan charged Globalware to maintain Mr. Sieurin's coverage.

12. On May 16, 2003, Mr. Sieurin received a letter from Dick Dauphinais, HR Director of Globalware, claiming that Globalware had exceeded the eighteen-month required period of continuation coverage, and thus, as of June 1, 2003, the company no longer had an obligation to continue him on its health insurance plan.

13. Mr. Sieurin suffered severely as a result of the termination of his health insurance coverage. He was unable to secure health insurance independently for three months following the termination of his coverage with Globalware. Thus, he was responsible for paying all of his own medical costs from June 1, 2003 to September 1, 2003.

## COUNT I
### (Failure to Extend Continuation Coverage)

14. Mr. Sieurin realleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

15. The acts and practices by Globalware alleged above constitute an unlawful failure to extend continuation coverage of health benefits to Mr. Sieurin as required by 29 U.S.C. §1162.

16. As a result of the acts and practices by Globalware alleged above, Mr. Sieurin has suffered damages.

## COUNT II
### (Failure to Provide Notice of Rights)

17. Mr. Sieurin realleges and incorporates by reference the allegations in paragraphs 1 through 16 above.

18. The acts and practices by Globalware alleged above constitute an unlawful failure to notify Mr. Sieurin of his right to continuation coverage of health benefits as required by 29 U.S.C. §1166.

19. These acts and practices by Globalware were done in bad faith and caused prejudice to Mr. Sieurin.

WHEREFORE, Robert Sieurin requests that this Court:

1. Enter judgment in his favor and against Globalware on Count I of the Complaint in the amount of his damages demonstrated at trial, plus interest, costs and attorneys' fees;

2. Enter judgment in his favor and against Globalware on Count II of the Complaint and assess a statutory penalty of $110 per day for each day of Globalware's failure to comply with the law, plus interest, costs and attorneys' fees.

3. Grant him such other relief as this Court deems just and appropriate.

          Respectfully submitted,

          ROBERT SIEURIN,

          By his attorneys,

          Paul J. Murphy, BBO #363490
          Menard, Murphy & Walsh LLP
          60 State Street - 34th Floor
          Boston, Massachusetts 02109
          (617) 832-2500

Dated: April 1, 2004

G:\S\SIEURIN\Pleadings\Complaint (COBRA).doc