UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SIEURIN,

                Plaintiff,

v.

GLOBALWARE SOLUTIONS, INC.,

                Defendant.

Civil Action No.  04-10637MLW

## ANSWER

Defendant, GlobalWare Solutions, Inc. ("GlobalWare"), answers the Complaint of Robert Sieurin ("Plaintiff") as follows:

The initial, unnumbered paragraph of the Complaint is introductory in nature and therefore no response is required.  To the extent a response is required, any allegations contained in the introductory paragraph are denied.

### PARTIES

1.      GlobalWare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.      Admitted.

### JURISDICTION

3.      The allegations contained in paragraph 3 state conclusions of law to which no response is required.

## FACTS

4.    GlobalWare admits Plaintiff was the former Director of Business Assessment and that he participated in the Tufts Health Plan.  GlobalWare denies all remaining allegations contained in paragraph 4.

5.    GlobalWare admits only that Plaintiff began his employment on or about July 3, 2000.  GlobalWare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 5.

6.    GlobalWare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.    GlobalWare admits only that Plaintiff applied for short-term disability benefits in or about February, 2001.  GlobalWare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8.    GlobalWare admits only that Plaintiff applied for long term disability benefits in or about July, 2001 but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.    GlobalWare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

2

10.     GlobalWare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10. GlobalWare denies the allegations contained in the second sentence of paragraph 10.

11.     GlobalWare admits only that Plaintiff began monthly contributions to GlobalWare in the amount of $275.81 as a contribution towards the cost of his Tufts Health Plan coverage but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12.     GlobalWare admits only that Dick Dauphinais, Director of Human Resources, sent Plaintiff a letter dated May 16, 2003, which letter speaks for itself.

13.     GlobalWare is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

## COUNT I
### (Failure to Extend Continuation Coverage)

14.     GlobalWare repeats and incorporates by reference its responses to paragraphs 1-13 of the Complaint.

15.     Denied.

16.     Denied.

## COUNT II
### (Failure to Provide Notice of Rights)

17.     GlobalWare repeats and incorporates by reference its responses to paragraphs 1-16 of the Complaint.

3

18.    Denied.

19.    Denied.

20.    Except as specifically admitted herein, GlobalWare denies each and every allegation contained in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    GlobalWare's conduct was at all times in good faith, for legitimate business reasons, legally privileged and justified.

3.    To the extent Plaintiff suffered damages as alleged, such damages were caused by a person or entity for whose conduct GlobalWare is not legally responsible.

4.    Plaintiff received all continuation coverage to which he was entitled and thus has suffered no harm.

5.    Plaintiff claims are barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies.

6.    Plaintiff's claims are barred, in whole or in part, by his unclean hands and failure to do equity.

7.    Plaintiff claims are barred, in whole or in part, by waiver and estoppel.

4

WHEREFORE, GlobalWare respectfully requests that the Court: (1) dismiss the Complaint and all claims therein; (2) enter judgment in GlobalWare's favor on Counts I and II, (3) award GlobalWare its reasonable attorneys' fees and costs; and (4) grant GlobalWare such further relief as the Court deems just.

GLOBALWARE SOLUTIONS, INC.

By their attorneys,

Mark H. Burak (BBO # 558805)
Sandra E. Kahn (BBO # 564510)
MORSE, BARNES-BROWN &
PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

Dated:  April 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Paul J. Murphy, Esq., attorney for Plaintiff, Robert Sieurin, by first class mail on April 26, 2004.

Mark H. Burak